By the Court.
The petition in this case was filed to correct a mistake in the deed. The answer denied that there was any mistake. Evidence was offered upon both sides as to the question of fact. Upon that evidence the district court found that there was a. mistake, in this, that the parties intended that the title should be-conveyed to the wife of the party who furnished the consideration,, for her life, and after her death to her children, and that by ignorance and mistake in drawing the deed, it was made to the wife and her heirs, the parties supposing- that such a deed would have the-effect intended.
It is claimed, in the first place, that this was a mistake of law,, which could not be corrected; in the nest place, that parol evidence could not be received to show such a mistake; and lastly r that the evidence showing the mistake was not sufficiently clear.
As to the first point, adopting the language of the court in the-ease of Canedy v. Marcy, 13 Gray, 373-377: “We are of opinion that courts of equity in such cases, are not limited-to affording relief in case of mistake of fact; and that a mistake in the legal effect, of a description in a deed, or in the use of technical language, may be relieved against.” The learned Chief Justice Shaw, in support of that proposition, cites Hunt v. Rousmaniere, 1 Pet. 1; Gillespie v. Moon, 2 Johns. Ch. 596; Stedwell v. Anderson, 21 Conn. 139; Oliver v. Mutual Commercial Marine Ins. Co., 2 Curt. C. C. 299. To-these authorities may be added Cook v. Husbands, 11 Md. 492; Springs v. Harven, 3 Jones Eq. 96; Young v. Miller, 10 Ohio, 85 McNaughten v. Partridge, 11 Ib. 223.
James Pillars, for plaintiffs in error.
J. Q. Lee, for defendants in error.
These authorities also show that parol evidence may be received', to show the mistake. This is also shown by the case of Davenport v. Sovil in this court, 6 Ohio St. 459.
As to the character of evidence required to show the *mistake, it is undoubtedly the rule that it must be clear and convincing. How far evidence should be satisfactory to the mind of a court called upon to decide, is necessarily a question of degree, and must depend, to some extent, upon the character of the judicial minds-of the judges sitting in the case. Our code has abolished the distinction between actions at law and suits in equity. This, which-would, under the former system, have been a suit in equity, is a civil action under the code, and we are reviewing the decision upon-a bill of exceptions, and not on an appeal. The question in this, as in other cases, is not how we would decide the ease upon the-evidence, but whether there be error in the decision of the court-below. We feel some doubt in this case whether, as the court of original jurisdiction, we should have held that the evidence was as clear and convincing as the rule might require, but it is the conviction of our minds that the intention of the parties was as found by the district court, and we do not think a doubt as to the degree of clearness will entitle us to reverse their decision.
A point has been made in this case that the judgment of the-court is not sustained by the pleadings, but as the facts are found by the court, we think the pleadings may, on error, be regarded as-amended to correspond with the facts.
The judgment of the district court will be affirmed.